Sutlibb, J.
It is insisted by the plaintiff in error that the object of the statute was to treat corporations, or artificial persons, the same as natural persons, and to suffer either, alike, to be subject to proceedings in attachment, on it being shown in the affidavit that the defendant in either case was without the county, so that suit could not be commenced against such party by the ordinary service of process within the county.
On the other hand, the defendant’s counsel insist that the language of the statute should in this case control against all such conjectures; that inasmuch as the words foreign corporation have been used, we can only have respect to the language used, and should accord to the statute the meaning to which the language is properly entitled. It is insisted that the fact of the language used in the statute being “ foreign corporation,”, or “ non-resident of .the county,” and the same being twice or thrice repeated, indicate an intention of the legislature to distinguish between non-residents of the county, and foreign corporations; and that foreign.corporation embraces *142 a class of persons not necessarily .embraced by the words “non-resident” of the county; to-wit, an association of persons without the state of Ohio, incorporated by some other legislature than that of this state.
It is, however, replied by opposite counsel, that although, in strict law, a corporation is an artificial person, and might, possibly be included under the words “ any person being a non-resident of the county,” yet the legislature well knowing that such associations were, better known as corporations, wisely chose the word which, by common acceptation, expressed such association of persons, doing business under a charter; and that having used the word corporation, it became necessary to distinguish between those located within the county and those not so located; and that to do this, instead of expressing the same by a paraphrase, such as “ located or doing business exclusively without the county, the more eligible and equally expressive language, “ foreign corporation,” is used.
It thus appears that the whole reasoning of counsel on each side is to the same end — to show what is the legal meaning of the words “ foreign corporation,” as used by the legislature in this statute. Both parties in their reasoning concede that “ foreign,” as used in the statute, means corporations foreign of the county; but the defendant’s counsel insist that the word is of the same import as it is when used in section 191 of the code, regulating the proceedings in attachment in the court of common pleas, in the following clause : “ When the defendant, or one of several defendants, is a foreign corporation, or a non-resident of this state,” insisting that in both cases alike the word “foreign” as a prefix to the word “ corporation,” imports, ex vi termini, a corporation created and existing without the state. But the plaintiff’s counsel insist that the word foreign is to be understood in reference to the subject matter, and the connection in which used; they admit that in section 191 of the code, allowing attachments against natural persons nonresidents of the state, it was intended to treat artificial persons in the same manner ; and inasmuch as the court of common pleas had jurisdiction over the state in the same 3ense *143 that a justice of the peace has throughout the county, “ foreign” must be understood of such court' to be without its jurisdiction; and this rule of .construction, they add, is not only reasonable and natural, but in its results preserves a perfect equality between corporations and individuals, or between natural and artificial persons.
Again, it is insisted by defendant’s counsel, that the term, “foreign corporation,” like the term, “foreign bill of exchange,” has alegM signification, importing a corporation without the state. This proposition is denied by the plaintiff’s counsel, and the proposition and denial, undisturbed by any authority offered by either party, is submitted to us upon the mere affirmation and denial, and reasoning of adverse counsel.
In this state of the case, it would be difficult, if not impossible, for us to determine with certainty the legal interpretation of the words, “ foreign corporation,” as used in this statute.
Foreign corporation does not seem to be recognized by the books, like foreign bill, as a,legal term. Weffind corporations classified into public and private. And of private corporations there are ecclesiastical and lay; and of lay there are the civil, and the eleemosynary; but the elementary writers make no such classification as domestic and foreign corporations.
Nor do we find, as in the case of foreign bills of exchange, any established principles of law laid down by elementary writers as peculiarly applicable to foreign corporations,
We have, however, relieved ourselves from this seeming well-balanced reasoning of counsel, and the serious doubts we might otherwise have had, as to the proper construction of this statute, by referring to prior statutes upon the same subject.
The statute under consideration is a revisory act, and took . the place of section 1 of Oh. 965, 2 Curwen, 1514, which provided of follows : “ That if any creditor, whether resident of the state of Ohio or elsewhere, his agent or attorney, shall make oath or affirmation in writing, before any proper authority, that any corporation, incorporated or existing by the law of any other of- the United States, or of any district or ter *144 ritory thereof, or of any other country, is his debtor, and file the same in the manner prescribed by the said acts respectively, of which this is amendatory, such creditor shall be entitled, to the like remedy, process and proceedings, in all respects, against such corporation ‘ as áre provided by the said acts respectively (or any acts amendatory thereof), against absconding or non-resident debtors.’ ”
This chapter, 965, enacted February 6, 1850, was amendatory of the acts of January 17,1824, allowing and regulating attachments in the courts of common pleas, and before justices of the peace ; and is the first and only act prior to the present statute, authorizing attachments against corporations, by express terms used in the act.
The act, under which the present attachment proceedings are instituted, and which was enacted March 14, 1853, as revisory of our former statutes on the same subject, it is true, is expressed in different language, but still, like the amendatory act, it makes special reference to corporations. The language of the former statute is, “ any corporation incorporated, or existing by the laws of any other of the United States,” etc. — that of the revisory statute is, a foreign corporation.” Now, it is a well-settled rule that in the revision of statutes, neither an alteration in phraseology, nor the omission or addition of words in the latter statute shall be held necessarily to alter the construction of the former act. And courts are only warranted in holding the construction of a statute, when revised, to be changed where the intent of the legislature to make such change is clear, or the language used in the new act plainly requires such change of construction.
We have then the fact that the former statute allowed attachments against “ any corporation incorporated or existing by the law of any other of the United States, or of any district or territory thereof, or of any other country.” Noav, all of these corporations are “foreign” to the state, and against those alone, and not against corporations created by our oAvn statutes, was there allowed an attachment proceeding before justices of the peace, by the statute of February 6, 1850; *145 and this statute was supplied by the revisory statute now before us for construction. There has been, it is true,'an alteration in the phraseology of the old statute, by the language of the revisory statute, but the alteration is not inconsistent with the same meaning expressed by the old statute. Instead of using the several words of the old statute, “ any corporation incorporated or existing by the law of any other of the United States, or of any district or territory, or of any other country,” the legislature in the revisory statute have just used the two words “ foreign corporation.” ' The former statute included all corporations formed and existing by the laws of any other legislature or authority than that of this state, and excluded all corporations formed and existing by the laws of this state; and the words “ foreign corporation” as used in the revisory statute necessarily, ex vi termini, embrace all the cases recited in the old statute, and may be held to exclude all corporations within the state formed and existing by the laws of the state; and we think by the rule referred to, and applicable to revisory statutes, this statute must be held to mean the same corporations, and no others, expressed by the former statute.
The defendant, being a corporation within the state, and formed and existing by the laws of this state, can not be regarded a “ foreign corporation ” within the meaning of the statute.
The judgment of the district court must therefore be affirmed.
Judgment accordingly.
Scott, C.J., and Peck, Gholson and Brinkerhoee, J J., concurred.